UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00218-MR

| CHRISTOPHER GEORGE WHITESIDE, JR., | ) ) ) | |
|---|---|---|
| Petitioner, | ) ) | |
| vs. | ) ) ) | **ORDER** |
| STATE OF NORTH CAROLINA, | ) ) ) | |
| Respondent. | ) ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, [Doc. 1], Petitioner's Motion to Proceed in Forma Pauperis [Doc. 3], and Petitioner's "Motion for Writ of Habeas Corpus" [Doc. 6].

## I. BACKGROUND

On March 1, 2021, Petitioner filed a "Motion for Writ of Habeas Corpus" in the Eastern District of North Carolina, claiming he is being illegally restrained at the Rutherford County Jail in Rutherfordton, North Carolina, after the unlawful execution of a search warrant. [Doc. 1]. The Honorable Robert B. Jones, Jr., Magistrate Judge in the Eastern District, ordered Plaintiff to pay the filing fee or file a motion to proceed in forma pauperis

("IFP") and to resubmit the motion on the proper form. [Doc. 3]. Thereafter, on March 11, 2021, Plaintiff filed the pending Petitioner for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 4] and IFP Application [Doc. 5]. Plaintiff alleges that he is a pre-trial detainee in the Rutherford County Detention Center.[1] [Doc. 4 at 1]. He claims that he "was detained incident to the execution of a search warrant unless [he] was the person is within the immediate vicinity of the premises to be searched, i.e. that area an occupant poses a real threat to the safe and efficient execution of the warrant." [Doc. 4 at 2]. Plaintiff has not appealed the decision or action he challenges here. [See Doc. 4 at 2-4]. For relief, Plaintiff asks the Court to dismiss "[his] charges cause it was an unlawfully arrest" because "[he] was never at the house to be searched." [Id. at 7].

Before initial review was conducted, Plaintiff submitted another "Motion for Writ of Habeas Corpus." [Doc. 6]. In this motion, he states that on June 9, 2021, he "was taken to Rutherfordton County Court House, for a motion to suppress the search warrant." [Id.]. Plaintiff further alleges that his attorney "didn't think we couldn't win trial" and that Plaintiff's "conviction wasn't taken by the appropriate steps." [Id.]. Plaintiff alleges that he was

---

[1] Plaintiff incorrectly lists the Rutherford County Detention Center as the "Rutherfordton" County Detention Center. The town of Rutherfordton is in Rutherford County, North Carolina.

2

Case 1:21-cv-00218-MR   Document 10   Filed 09/07/21   Page 2 of 6

sentenced to a term of imprisonment of 148 months and that he wants to appeal his sentence because he feels "that it was unlawfully and [his] representation wasn't right." [Id.]. Plaintiff claims he felt "pressured" to accept a plea deal. [Id.].

On August 12, 2021, the Honorable Louise Flanagan, District Judge for the Eastern District of North Carolina, transferred this matter to this District, finding that the proper venue for filing a claim under 28 U.S.C. § 2241 is the district where the Petitioner is confined. [Doc. 7 at 2]. Judge Flanagan noted that Plaintiff was confined at Craggy Correctional Center in Buncombe County, North Carolina, which is in the Western District.[2] [Id. at 1].

The Court will first address Petitioner's motion to proceed in forma pauperis.

## II. IN FORMA PAUPERIS MOTION

Petitioner's affidavit shows that Petitioner has had no income for the past twelve months and that he has no cash, no money in any bank account, and no other assets. [Doc. 5 at 1-2]. Petitioner reports having no monthly expenses and that no one relies on him for support. [Id. at 2]. The Court is

---

[2] The NCDPS Offender Locator website reflects that Petitioner is still currently housed at Craggy. Plaintiff, however, has not updated his address in this matter with the Clerk. The docket reflects Petitioner's address as Rutherford County Detention Center.

3

satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

## III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). Here, it appears that Petitioner was a pretrial detainee at the time he originally filed this action, but that he is now "in custody" pursuant to a state court judgment. As such, he may seek relief, if at all, pursuant to 28 U.S.C. § 2254(a). The Court will, therefore, construe the instant petition as one seeking relief pursuant to § 2254.

Exhaustion is required prior to filing a § 2254 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Petitioner in this case has not fully exhausted state remedies. Petitioner alleges that he has not appealed any of the issues about which he now complains. See Richardson v. Thompson, No. 4:15-2638-RBH-TER, 2015 WL 7422709, at *2 (D.S.C. Sept. 30, 2015) ("As a general rule, a federal court will not entertain a petition for a writ of habeas corpus filed by a person in state custody, unless that person has first exhausted all available state court remedies.") (citations omitted).

As such, Petitioner failed to exhaust his state remedies before filing this action. Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, dismiss it

without prejudice.

The Court will, therefore, deny and dismiss Petitioner's § 2254 petition and motion for writ of habeas corpus without prejudice.

## V. CONCLUSION

For the reasons stated herein, Petitioner's § 2254 petition and his subsequent "motion for writ of habeas corpus" are denied and dismissed without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] and Petitioner's Motion for Writ of Habeas Corpus [Doc. 6] are **DENIED** and **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 5] is **GRANTED** in accordance with the terms of this Order.

The Clerk is directed to terminate this action.

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge